IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:08cr28-MHT |
| TYRONE NUNN | ) | (WO) |

OPINION AND ORDER

In this lawsuit, defendant Tyrone Nunn is charged with three counts: two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a), and one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846.

Now before the court are the government's motions to continue trial and Nunn's pro se motion for fast and speedy trial, which, under the circumstances, is essentially an objection to the government's continuance motion.  For the reasons set forth below, the court finds that the jury selection and trial, now set for October 14, 2008, should be continued pursuant to 18 U.S.C.

§ 3161(h)(8). The government's continuance motions will, therefore, be granted and Nunn's speedy-trial motion denied.

## I. BACKGROUND

<u>February 12</u>:  Nunn was originally indicted in a one-count indictment charging possession with intent to distribute cocaine base, a § 841(a) violation.

<u>April 28</u>:  Nunn was arraigned on the original indictment and, based on a finding by the magistrate judge of "the parties' need for adequate time for discovery and the need for counsel to have adequate time for trial preparation" and "that the ends of justice served by setting this case on this trial term outweigh the best interest of the public and the defendant in a speedy trial," trial was set for October 14, 2008.

<u>October 1</u>:  The grand jury returned a three-count superseding indictment against Nunn, asserting two additional counts: conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine

2

base, a § 846 violation; and an additional count for distribution of five grams or more of cocaine base, a § 841(a) violation.  The superseding indictment also added a defendant on the conspiracy count.

October 2:  Nunn filed a pro se motion for fast and speedy trial invoking his Sixth Amendment and federal statutory rights under the Speedy Trial Act, 18 U.S.C. § 3161, and requesting that trial commence as scheduled on October 14.

October 3:  The government filed a motion to continue trial.

October 6:  The original indictment was dismissed on the government's motion.

October 9:  Nunn was arraigned on the superseding indictment.

October 10:  The government filed a supplemental motion to continue trial.

## II. DISCUSSION

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act has both outside and inside limitation periods. The 70-day outside requirement provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

<u>Id</u>. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy

trial."   Id. § 3161(h)(8)(A).  The 30-day inside requirement provides as follows:

> "Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se."

Id. § 3161(c)(2).

In response to Nunn's pro se motion for fast and speedy trial, the government contends that a trial on October 14 would commence within 30 days of Nunn's first appearance on the superseding indictment, in violation of § 3161(c)(2).  The court must reject this argument.  The Supreme Court, in United States v. Rojas-Contreras, 474 U.S. 231, 236 (1985), held that "the [Speedy Trial] Act does not require that the 30-day trial preparation period be restarted upon the filing of a superseding indictment."  This is true even if the superseding indictment prejudices the defendant.  Id.  It is clear, therefore, that the 30-day preparation period should not prevent this case from going to trial on October 14.

5

At the same time, however, the Supreme Court in Rojas-Contreras stated that "we do not hold that a defendant must always be compelled to go to trial less than 30 days after the filing of such a [superseding] indictment." Id. "The Act itself," the Court continued, "places broad discretion in the District Court to grant a continuance when necessary to allow further preparation. Section 3161(h)(8) authorizes the trial judge to grant a continuance if 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" Id.

Although trial on October 14 would not violate the 30-day preparation period, the government raises additional concerns that lead the court to conclude that a continuance is appropriate. First, the government notes that the superseding indictment has named another defendant, who has not yet been arrested. The government, therefore, requests a continuance so that Nunn and his co-defendant may be tried together. 18 U.S.C. § 3161(h)(7) specifically excludes from the 70-day

period "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." In addition, the Eleventh Circuit has asserted "The general rule is that defendants indicted together should be tried together," United States v. Cassano, 132 F.3d 646, 651 (11th Cir. 1998) (citing United States v. Jacoby, 955 F.2d 1527, 1542 (11th Cir. 1992)), and that "This rule is particularly applicable to conspiracy cases." Id. (citing United States v. Alvarez, 755 F.2d 830, 857 (11th Cir.1985)). As Nunn has been indicted for conspiracy with an unavailable co-defendant, the interests of justice are best served by granting a continuance allowing the two defendants to be tried together.

Second, the government requests more time because, with the addition of the conspiracy charge, the case has increased in complexity. If convicted, Nunn faces significantly higher mandatory maximums and minimums, including a mandatory minimum of life in prison on the

7

conspiracy count. Moreover, the case now involves a conspiracy to distribute narcotics with witnesses in Georgia and Alabama. The Speedy Trial Act instructs that, in granting a continuance, the court may consider, among other factors, whether failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(B)(iv). Here, because the superseding indictment has increased the complexity of the case, and as a trial on October 14 would start only five days after arraignment, the court finds that a continuance is warranted to allow the parties the reasonable time necessary for effective preparation, including, aside from the general preparation for trial on the new charges, to allow the parties to review with each other the new charges and to negotiate what evidence comes in and, failing that, to put the evidentiary issues to the court for rulings, and to allow the parties to negotiate the possibility of

final resolution of this case without trial. The court also notes that, although these arguments have been advanced by the government on its behalf and although Nunn objects pro se and not through his court-appointed counsel, Nunn's counsel has received over 200 pages and nine compact discs of new evidence after the arraignment on the superseding indictment and, for obvious reasons, does not object to the government's continuance motion.

In light of the foregoing, the court concludes that the ends of justice served by granting a continuance outweigh the best interest of the public and Nunn in a speedy trial.

***

Accordingly, it is ORDERED as follows

(1) The government's motions to continue trial (doc. nos. 27 & 36) are granted.

(2) Defendant Tyrone Nunn's pro se motion for fast and speedy trial (doc. no. 26) is denied.

(3) The jury selection and trial, now set for October 14, 2008, are reset for December 15, 2008, at 10:00 a.m., at the federal courthouse in Opelika, Alabama.

DONE, this the 14th day of October, 2008.

                                   /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE