IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:08-cr-28-MHT |
| | ) | |
| TYRONE NUNN | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 10, 2009, Defendant, acting *pro se*, filed a Motion to Withdraw Plea of Guilty (Doc. #90) and a Motion to Dismiss (Doc. #91).  The central premise of Defendant's Motions was that this Court lacked jurisdiction, with respect to counts two and three of the superseding indictment, because, allegedly, the conduct comprising those counts occurred only in Georgia, rather than Alabama.  Defendant also alleged that, at the time he entered his guilty plea, his counsel, Tiffany McCord, advised him that he had to affirm to the Court that he passed through Alabama while committing the conduct comprising count three of the superseding indictment.[1]  Essentially, therefore, Defendant alleged that his counsel told him to perjure himself in order to obtain the plea agreement.

Given the serious nature of Defendant's allegations, the undersigned Magistrate Judge conducted an evidentiary hearing on the Motions at which the government, Defendant, his counsel, and possible successor counsel, Richard Keith, were in attendance.  The Court advised Defendant of some of the possible ramifications of proceeding with his Motions and

---

[1]      Pursuant to the plea agreement, the government dismissed count two of the superseding indictment in exchange for Defendant's plea to counts one and three.

1

the ultimate likelihood of success on the Motions.  Defendant reiterated his allegations respecting "jurisdiction" and the conduct of his attorney and indicated his desire to proceed with the Motions.  Thus, in anticipation of receiving the testimony of Ms. McCord, the Court removed her from the case, appointed Mr. Keith, and declared a brief recess to allow Mr. Keith time to confer with Defendant.  Upon resuming the hearing, Mr. Keith orally moved to withdraw Defendant's Motions.  The Court advised Defendant of his right to proceed with the Motions and extensively queried Defendant to ascertain whether it was his desire to withdraw the Motions.  Based upon this colloquy, the Court determined that Defendant's withdrawal of the Motions was knowing and voluntary.

Accordingly, for the reasons given above, it is the RECOMMENDATION of the Magistrate Judge that Defendant's oral Motion to Withdraw his Motion to Withdraw Guilty Plea (Doc. #90) and Motion to Dismiss Indictment (Doc. #91) be GRANTED and that the pending Motions be WITHDRAWN.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before May 19, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

2

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 6th day of May, 2009.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

3