IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
    v.                      )    CRIMINAL ACTION NO.
                            )       3:08cr28-MHT
TYRONE NUNN, SR.            )          (WO)
```

OPINION AND ORDER

In a *pro se* pleading he titles as a "Petition for Writ of *Audita Querela*," defendant Tyrone Nunn, Sr. challenges his convictions in this court on two counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). Nunn argues this court lacked jurisdiction to adjudicate the charges against him because, he says, federal criminal jurisdiction is limited to 'admiralty/maritime jurisdiction.'

In February 2009, Nunn pled guilty under a plea agreement to counts one and three of a superseding indictment charging him with distribution of crack

cocaine; in July 2009, he was sentenced to 210 months of imprisonment; his direct appeal was dismiss as waived. *United States v. Nunn*, No. 09-13534-E (11th Cir. Apr. 8, 2010). In June 2012, this court denied his 28 U.S.C. § 2255 motion, *Nunn v. United States,* 2012 WL 2133588, at *1 (M.D. Ala. 2012), and, in October 2012, the Eleventh Circuit dismissed his appeal for want of prosecution, *Nunn v. United States*, No. 12-14665-A (11th Cir. Oct. 26, 2012). Since then, Nunn has filed various post-conviction motions that have been denied. *See Nunn v. United States,* 2014 WL 764698, at *1 (M.D. Ala. 2014) (setting forth a partial recounting of Nunn's various post-conviction motions).

Nunn cannot rely on the writ of *audita querela*, which is an ancient writ, long ago abolished in federal civil proceedings, *see* Fed. R. Civ. P. 60(e), and having questionable relevance to criminal sentences. *See United States v. Reyes*, 945 F.2d 862 (5th Cir. 1991); *United States v. Holder*, 936 F.2d 1 (1st Cir. 1991).

2

The writ of *audita querela* potentially survives in the federal criminal context only under the Supreme Court's decision in *United States v. Morgan*, 346 U.S. 502 (1954), and the All Writs Act, 28 U.S.C. § 1651, to fill in the gaps in the current system of post-conviction relief. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001). "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id*. A motion to vacate a sentence under § 2255 is the habeas means to challenge collaterally a federal conviction or sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981).

3

Thus, even if the writ of *audita querela* were available "to fill in the gaps" in a criminal context, it is not available to challenge a conviction or sentence where the framework for such a challenge is provided in § 2255, for, in such case, there is no gap to fill.  *Valdez-Pacheco*, 237 F.3d at 1080.  Stated another way, a defendant may not use the writ of *audita querela* solely to circumvent the restrictions on filing § 2255 motions.  *See Holt*, 417 F.3d at 1175 (holding "a petition for writ of *audita querela* may not be granted when relief is cognizable under § 2255" and treating petition for writ of *audita querela* as successive § 2255 motion) (cited in *United States v. Doyharzabal*, 329 F. App'x 874, 875 (11th Cir. 2009)); *see also United States v. Laury*, 334 Fed.App'x 634, 635 (5th Cir. 2009) (denying a petition for a writ of *audita querela*, stating "the fact that a movant cannot meet the

4

requirements for bringing a successive § 2255 motion does not render the § 2255 remedy unavailable").[1]

Nunn's current pleading is an attack on his conviction and sentence. As such, it is really a § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005). Nunn has filed at least nine previous § 2255 motions attacking his conviction and sentence. *See Nunn v. United States*, Civil Action No. 3:14cv254-MHT (Doc. No. 3) at 2. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to

---

1. Moreover, the writ of *audita querela* is available only "to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose *after the judgment was issued*." *Carrington v. United States*, 503 F.3d 888, 890 n.2 (9th Cir. 2007) (emphasis added); *see also United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995). Nunn's argument was available to him prior to his conviction.

consider the motion.² *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h). A district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1317 (11th Cir. 2004). Nunn has not obtained pre-certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. Therefore, this court lacks the jurisdiction to consider the merits of his present § 2255 motion.³

---

2. The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

3. Even so, the court notes that Nunn has asserted
(continued...)

---

3. (...continued)
his claim (that this court lacked jurisdiction to adjudicate the criminal charges against him) in several of his previous post-conviction motions, and the claim has been rejected as frivolous. Under Article III, Section 2, Clause 1, of the United States Constitution, federal courts have jurisdiction in all cases "arising under" the constitution and laws of the United States. Moreover, under 18 U.S.C. § 3231, federal district courts have original jurisdiction, "exclusive of the courts of the States, of all offenses against the laws of the United States." *See Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). Further, Article I, Section 8 of the Constitution empowers Congress to create, define, and punish crimes, irrespective of where they are committed. *See United States v. Worrall*, 2 U.S. (2 Dall.) 384, 393 (1798) (Chase, J.). Nunn was prosecuted for violations of the criminal laws of the United States. By the terms of the Constitution and the relevant federal statutes, this court had jurisdiction over the offenses for which he was convicted. The Seventh Circuit has succinctly responded to claims of the sort presented by Nunn:

> "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry."

*Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999).

7

***

Accordingly, it is the ORDER of the court that defendant Tyrone, Sr.'s "Petition for Writ of *Audita Querela*" (Doc. No. 225) is denied.

DONE, this 15th day of October, 2014.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**